# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JESSIE ALLEN GREEN, | ) |
|     Petitioner, | ) |
| v. | )    Case No. CIV-18-823-M |
| STATE OF OKLAHOMA, | ) |
|     Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 challenging his state-court conviction. [Doc. No. 1]. United States District Judge Vicki Miles-LaGrange has referred the matter for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). In accordance with Rule 4, Rules Governing Section 2254 Cases in the United States District Courts,[1] the Court has promptly examined the habeas petition and recommends that the action be transferred to the United States District Court for the Eastern District of Oklahoma.

## I.   Background

In Okfuskee County District Court, Petitioner pleaded guilty in Case No. CF-2011-22 to lewd molestation, forcible sodomy, and juvenile pornography and was given a life sentence. *See* Pet. at 1. Liberally construed, Petitioner's Petition alleges that he was unaware of all the charges filed against him during initial and preliminary hearings (Ground One), his attorney was constitutionally ineffective (Ground Two), the trial court did not order a competency hearing

---

[1] District courts must promptly review habeas petitions and, when appropriate, "take [what] action the judge may order." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

despite acknowledging that Petitioner did not seem to understand the plea he was giving (Ground Three), and Petitioner was led to believe that a life sentence was "common" (Ground Four). *Id.* at 6-11.

## II.  Analysis

Okfuskee County lies within the territorial jurisdiction of the Eastern District of Oklahoma. *See* 28 U.S.C. § 116(b). Petitioner is presently incarcerated at the Joseph Harp Correctional Center, in Lexington, Oklahoma, *see* Pet. at 1 & Attach. 11, which is within the territorial jurisdiction of the Western District of Oklahoma. *See* 28 U.S.C. § 116(c).

From the face of the Petition, it is clear that both this Court and the United States District Court for the Eastern District of Oklahoma have jurisdiction over this matter. *See* 28 U.S.C. § 2241(d) (prescribing that the district court of conviction and the district court for the district of confinement have "concurrent jurisdiction" over a state prisoner's application for writ of habeas corpus). Pursuant to the statute, however, this Court may, "in the exercise of its discretion and in furtherance of justice," transfer the Petition "to the other district court for hearing and determination." *Id.*

As stated above, Petitioner seeks relief from his Okfuskee County District Court conviction. It follows that relevant records and officials involved generally will be located in the district in which Petitioner was tried and convicted. Further, trial counsel and witnesses would be more easily available in the Eastern District should a hearing be required in this case. These factors have been considered in support of transferring matters to the district court in which the state-court conviction originated. *See, e.g., Manning v. Oklahoma*, No. CIV-13-990-HE, 2013 WL 5923721, at *1 (W.D. Okla. Nov. 1, 2013) (unpublished district court order) (transferring § 2254 action and

noting that "federal district courts in Oklahoma have had a longstanding policy favoring transferring habeas actions to the district of conviction.").

Under these circumstances, the Court recommends transfer of this action to the Eastern District of Oklahoma in the exercise of the Court's discretion and "in furtherance of justice." 28 U.S.C. § 2241(d).

## RECOMMENDATION

It is recommended that this action, with all pleadings filed in this Court, be transferred to the United States District Court for the Eastern District of Oklahoma.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed by September 25, 2018. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *See Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The Clerk of Court is directed to electronically transmit a copy of this Report and Recommendation to the Attorney General of the State of Oklahoma at fhc.docket@oag.state.ok.us.

## STATUS OF REFERRAL

This Report and Recommendation terminates the District Judge's referral in this matter.

ENTERED this 4th day of September, 2018.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE