# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JESSIE ALLEN GREEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-823-D |
| | ) | |
| STATE OF OKLAHOMA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner Jessie Allen Green, a state prisoner appearing *pro se* and *in forma pauperis*, filed this action pursuant to 28 U.S.C. § 2254 seeking habeas relief. The matter was referred for initial proceedings to Magistrate Judge Bernard M. Jones consistent with 28 U.S.C. § 636(b)(1(B), (C). Judge Jones has recommended that the action be transferred to the United States District Court for the Eastern District of Oklahoma, where jurisdiction also exists, because Petitioner is challenging a conviction in a state court located in that judicial district. 28 U.S.C. § 2241(d).[1] Petitioner has filed a timely objection [Doc. No. 5]. The Court must make a *de novo* determination of any portion of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

---

[1] Because the petitioner is incarcerated at the Joseph Harp Correctional Center in Lexington, Oklahoma, jurisdiction also exists in the Western District of Oklahoma. 28 U.S.C. § 2241(d).

Judge Jones determined that transfer was appropriate as "relevant records and officials involved generally will be located in the district in which Petitioner was tried and convicted" and that "trial counsel and witnesses would be more easily available in the Eastern District should a hearing be required in this case." *Id*. Judge Jones noted that pursuant to 28 U.S.C. § 2241(d) the Court may, in its "discretion and in the furtherance of justice [] transfer the application to the other district court for hearing and determination." In his objections, Petitioner asserts with no authority, or factual support, that he "feels it is in his best legal interest to remain [in the] Western District which is in the territorial jurisdiction of" his incarceration. Objection at 1. Petitioner likewise "feels the trial counsel and witnesses would not be hindered if called upon." *Id*. Petitioner presents no other argument in opposition to Judge Jones' recommendation of transfer.

Upon *de novo* review of the issues presented, the Court fully concurs with Judge Jones' analysis. The Court finds that Petitioner's conclusory statements are insufficient to overcome Judge Jones' reasoning or "the longstanding policy" of federal district courts in Oklahoma "favoring transfer[] [of] habeas actions to the district of conviction." *Manning v. Oklahoma*, CIV-13-0990-HE, 2013 WL 5923721, at *1 (W.D. Okla. Nov. 1, 2013) (unpublished). The location of relevant records, trial counsel, witnesses, and other officials in the jurisdiction of conviction weighs overwhelmingly in favor of transfer in the furtherance of justice and judicial economy.

**IT IS THEREFORE ORDERED** that Petitioner's objection [Doc. No. 5] is **OVERRULED** and Judge Jones' Report [Doc. No. 4] is **ADOPTED** in its entirety. The

Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 [Doc. No. 1] will be transferred to the United States District Court for the Eastern District of Oklahoma.

**IT IS SO ORDERED** this 11th day of January, 2019.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE