# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JESSIE ALLEN GREEN,** | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 19-014-JHP-KEW ) |
| **LUKE PETTIGREW,** **Interim Warden,** | ) ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus as barred by the statute of limitations (Dkt. 17). Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Joseph Harp Correctional Center in Lexington, Oklahoma. He is attacking his convictions in Okfuskee County District Court Case No. CF-2011-22 for Lewd Molestation (Count 1), Forcible Sodomy (Count 3), and Procuring, Producing, Distributing, Possessing Juvenile Pornography (Count 4).

Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA). The following dates are pertinent to the motion to dismiss:

05/03/2011    Petitioner entered guilty pleas to Count 1, Count 3, and Count 4 in Okfuskee County District Court Case No. CF-2011-22. (Dkt. 18-2).[1]

---

[1] Count 2 for First Degree Rape was dismissed before the pleas were entered.

| Date | Event |
|---|---|
| 08/02/2011 | Petitioner was sentenced to life imprisonment for Count 1, 29 years for Count 3, and 20 years for Count 4, to be suspended and to run concurrently to Count 1. The Judgment and Sentence was entered on this date. (Dkt. 18-3). |
| 08/12/2011 | Because Petitioner failed to file a motion to withdraw his guilty pleas, his conviction became final ten days after entry of the Judgment and Sentence. |
| 03/08/2017 | Petitioner filed an application for post-conviction relief. (Dkt. 1-3). |
| 04/06/2017 | The Okfuskee County District Court denied Petitioner's application for post-conviction relief. (Dkt. 1-4). |
| 05/11/2017 | Petitioner appealed the post-conviction denial to the Oklahoma Court of Criminal Appeals (OCCA). (Dkts. 18-7, 18-8). |
| 06/30/2017 | The OCCA declined jurisdiction over the post-conviction appeal in Case No. PC-2017-491, because Petitioner's petition in error was filed after the May 6, 2017, filing deadline. (Dkt. 18-9). |
| 07/12/2017 | Petitioner filed in the state district court an application for post-conviction relief and brief in support. (Dkt. 1-5) |
| 08/24/2017 | The state district court advised Petitioner by Order that the court had ruled on his post-conviction application on April 6, 2017, and the Deputy Clerk for the Oklahoma Supreme Court had instructed Petitioner in a May 3, 2017, letter of the procedural steps he needed to take to resolve the issues. (Dkt. 18-10). |
| 10/20/2017 | Petitioner filed a writ of mandamus with the OCCA in Case No. MA-2017-1078, alleging the district court had failed to rule on his July 12, 2017, brief in support of his post-conviction application. (Dkt. 18-11). |
| 12/06/2017 | The OCCA directed the state district court to respond to Petitioner's pleading, if any, or provide a certified copy of the order disposing of the matter. (Dkt. 18-12). |

| | |
|---|---|
| 12/11/2017 | The district court entered an Order and Memorandum explaining it previously had denied Petitioner's first and second applications for post-conviction relief on April 6, 2017, and August 22, 2017, respectively, and Petitioner had failed to provide the district court with a filed copy of the petition in error, as explained in the May 3, 2017, letter from the Deputy Clerk of the Supreme Court of Oklahoma.   (Dkt. 1-6). |
| 01/02/2018 | Petitioner appealed the district court's denial of his post-conviction appeal out of time to the OCCA in Case No. PC-2018-10.   (Dkt. 18-14). |
| 01/03/2018 | The district court sent Petitioner a letter asking him to clarify what relief he was seeking in his notice of petition in error dated December 27, 2017.   On January 12, 2018, Petitioner replied to the letter, explaining he was requesting the district court to grant his application for post-conviction relief out of time.   (Dkt. 1-10). |
| 01/16/2018 | The OCCA dismissed Petitioner's mandamus petition as moot.   (Dkt. 18-13). |
| 04/09/2018 | The OCCA affirmed the district court's denial of Petitioner's post-conviction appeal out of time in Case No. PC-2018-10. (Dkt. 1-7). |
| 04/20/2018 | Petitioner filed in the state district court a motion for judicial review, requesting a hearing and modification of his sentence. (Dkt. 18-15). |
| 04/30/2018 | The district court denied Petitioner's request for judicial review.   (Dkt. 18-16). |
| 05/25/2018 | Petitioner appealed the denial of his request for judicial review to the OCCA in Case No. REC-2018-537.   (Dkt. 18-17). |
| 06/11/2018 | The OCCA declined jurisdiction over Petitioner's appeal of the denial of his request for judicial review in Case No. REC-2018-537.   (Dkt. 18-18). |

08/24/2018  Petitioner filed this habeas petition in the United States District Court for the Western District of Oklahoma. The Western District transferred the case to this Court on January 14, 2019. (Dkt. 1).

Section 2244(d) provides that:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows Petitioner did not seek to timely withdraw his guilty plea or seek a direct appeal to the OCCA. His conviction, therefore, became final on August 12, 2011, ten days after entry of the Judgment and Sentence. *See* Rule 4.2, *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App.; Okla. Stat. tit. 22, § 1051. Pursuant to 28 U.S.C. § 2244(1), he had until August 13, 2012, to file his federal habeas petition.

*See United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003); *Hoggro v. Boone*, 150 F. 3d 1223, 1226 (10th Cir. 1998). The petition, however, was not filed until August 24, 2018, more than six years late. Petitioner did not initiate his post-conviction proceedings until March 8, 2017, after expiration of the limitation period, so there is no statutory tolling. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (noting that AEDPA's one-year period "is tolled or suspended during the pendency of a state application for post-conviction relief properly filed *during* the limitations period" (emphasis added) (citing 28 U.S.C. § 2244(d)(2)).

Petitioner provides no reason why his petition should not be barred by the statute of limitations, although he alleges he failed to exhaust his claim in Ground I because he was not aware "until now" that the State did not advise him of all his charged crimes (Dkt. 1 at 6). He claims in his response to the motion to dismiss that he discovered the error in his case on March 16, 2017, with the assistance of his "spiritual brother," when the State responded to his post-conviction application for sentence modification. (Dkt. 19 at 1-2). He apparently is asserting that he then discovered that the charge in Count 2 for rape was dismissed in exchange for a life sentence for Count 1. *Id.* He claims this arrangement was made without his knowledge or consent, *id.*, however he has provided no support for these allegations.

The relevant inquiry for triggering the one-year limitation period under Section 2244(d)(1)(D) is whether the petitioner had knowledge of the predicate facts underlying his claim, not whether he understood the legal significance of such facts. *See Preston v.*

*Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000) (finding the petitioner's one-year limitation period did not start under Section 2244(d)(1)(D) when he first understood the legal significance of the factual basis, but instead the one-year period began when petitioner "was clearly aware" of the factual basis for his claim "years before" he filed his habeas petition); *see also Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2001) ("[T]he trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance."). The fact that Petitioner may not have known of the charges against him during the initial and preliminary hearings did not trigger the beginning of the statutory year under § 2244(d)(1)(D). *See Klein v. Franklin,* 437 F. App'x 681, 684 (10th Cir. 2011) (rejecting habeas petitioner's argument that claim was timely under § 2244(d)(1)(D) when the petitioner was present at hearing when predicate facts were made known even though petitioner may not have understood the legal significance of the facts).

Petitioner entered his pleas and executed the Plea of Guilty Summary of Facts on August 2, 2011 (Dkts. 18-1 at 5, 18-2). The second page of the Plea of Guilty Summary of Facts lists his charges and provides that the second charge was first degree rape (Dkt. 18-2 at 2). A line, however was drawn through the first degree rape charge with a notation that the State dismissed the charge. *Id.* Further, on the third and fourth pages of the plea form, there also are notations that the State dismissed the rape charge. *Id*. at 3-4.

Here, the Court finds Petitioner learned of the factual predicate of his claim at the time of his plea on May 3, 2011, well before he was sentenced on August 2, 2011, or before

his conviction became final on August 12, 2011. Petitioner has not "'discover[ed]' facts he already knew" to justify beginning the one-year limitation period under § 2244(d)(1)(D). *Corson v. Colorado*, 722 F. App'x 831, 834 (10th Cir. 2018). The one-year limitations period began to run when Petitioner's conviction became final on August 12, 2011. *See Lane v. Mullin*, No. 12-CV-625-JHP-TLW, 2013 WL 2053651, at *3 (N.D. Okla. May 14, 2013) (unpublished) (finding where petitioner learned of predicate facts at the time he entered his guilty plea, § 2244(d)(1)(D) was not triggered, and the "limitations period began running when his convictions became final"). Therefore, the petition filed on August 24, 2018, is untimely.

Petitioner has failed to allege equitable tolling. Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted). Because Petitioner has failed to allege or argue equitable tolling, he is not entitled to such relief. Therefore, Respondent's motion to dismiss must be granted.

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY,** Respondent's motion to dismiss time-barred petition (Dkt. 17) is GRANTED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 10th day of February 2020.

James H. Payne
United States District Judge
Eastern District of Oklahoma